# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case Nos. 5D2024-2189
5D2025-0048
LT Case No. 2021-30522-CICI

_____

DARLENE YELVINGTON,
Individually, and as Co-Trustee,
of the Conrad Yelvington
Marital Trust for the Benefit of
Margaret Yelvington and the
Margaret Yelvington Revocable
Trust, as Amended and Restated
in 2014, and Contingent and/or
Residuary Beneficiaries Susan
Yelvington, Jourdan Yelvington,
and Chadd Collins,

     Appellant/Cross-Appellee,

     v.

GARY YELVINGTON, Individually,
and as Co-Trustee of the Conrad
Yelvington Marital Trust for the
Benefit of Margaret Yelvington,
as Co-Trustee of the Margaret
Yelvington Revocable Trust, as
Amended and Restated in 2014,
and as Sole Trustee and
Beneficiary of the Yelvington
Trust for the Benefit of Gary
Yelvington,

     Appellee/Cross-Appellant.

_____

On appeal from the Circuit Court for Volusia County.
Dennis P. Craig, Judge.

Timothy William Sobczak, of Dean, Mead, Egerton, Bloodworth, Capouano & Bozarth, P.A., Orlando, for Appellant/Cross-Appellee.

George Edward McArdle, Jr., of McArdle Franco PLLC, Miami, and Robert Clayton Roesch, of Shuffield, Lowman & Wilson, P.A., Orlando, for Appellee/Cross-Appellant.

June 5, 2026

PER CURIAM.

This case involves a dispute between a brother and sister over the disposition of assets in trusts established for their benefit by their parents. The trial court entered a series of orders culminating in a final order distributing trust assets. Both siblings have appealed; we affirm.

The sister's primary argument on appeal is that the language of the trust did not permit the trial court to give her brother a 51% interest, and her a 49% interest, in a business known as Yelvington Jet Aviation, which the brother operates. A perfect 50% division of *each* trust asset is not required, however. Instead, the language of the trust requires that each sibling's trust *overall* receives an equal share, i.e., "Fifty percent (50%)," of trust assets. The trust also provides discretion for distribution of an individual asset to one sibling provided a corresponding monetary payment or asset is credited to the other.[*]

---

[*] Section 10.4 of the trust ("Distributions") says:

The trustee need not satisfy the value of a gift of a share of assets, or of a withdrawal thereof pursuant to a power by distribution of an undivided share in assets. Instead, the value of a share to be distributed and the value of any pecuniary gift may be partially or wholly satisfied in cash or in kind or partly in each, and distributions in kind may be made of entire properties or undivided shares.

2

As such, the trial court was permitted to make a 51%/49% distribution of Yelvington Jet Aviation and could do so regardless of purported reliance on what the father may have wanted.

The remaining issues in this appeal involve claims that the final distribution contained erroneous allocations of expenses, an unbalanced overall distribution, and a lack of specificity. The burden of showing error in an appeal from a bench trial is a high one: "the trial judge's findings of fact are clothed with a presumption of correctness on appeal, and these findings will not be disturbed unless the appellant can demonstrate that they are clearly erroneous." *Shah v. Patel*, 419 So. 3d 646, 651 (Fla. 4th DCA 2025) (citation omitted). Upon close review of the record and proceedings in the trial court, no error has been shown as to any of the remaining claims under this deferential standard of appellate review.

AFFIRMED.

JAY, C.J, and MAKAR and KILBANE, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____